[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13676

Non-Argument Calendar

_____

LAURA WHEALE,

Plaintiff-Appellant,

versus

POLK COUNTY, GEORGIA,
HARALSON COUNTY, GEORGIA,
STATE OF GEORGIA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 3:20-cv-00206-TCB

———————————

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Laure Wheale, a judge of the Juvenile Court in the Tallapoosa Judicial Circuit, appeals the dismissal of her amended complaint of discrimination and retaliation based on her sex by the State of Georgia and Polk and Haralson Counties in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a), 2000e-5(e)(3), and the Equal Pay Act, 26 U.S.C. § 206(d). Wheale also appeals the judgment on the pleadings against her complaint that the Counties violated her right to equal protection. *See* 42 U.S.C. § 1983. The district court ruled that Judge Wheale failed to state a claim that she was an "employee" under Title VII or the Equal Pay Act and that she failed to plead facts from which a factfinder could reasonably infer that the Counties discriminated against her. We affirm.

We accept as true the following facts alleged in Judge Wheale's amended complaint. *See Carson v. Monsanto Co.*, 39 F.4th 1334, 1337 (11th Cir. 2022). In March 2019, the Chief Judge of the Tallapoosa Superior Court appointed Judge Wheale as a juvenile judge. Judge Wheale received a salary of $121,700, consisting of $100,000 from the State and the remainder from Polk and Haralson Counties. Polk County also paid for Judge Wheale's health

insurance and collected her employment forms. The Judge objected to the salary set by "Polk and Haralson Commissions" as less than that received by her male predecessor, who had been appointed in 1997 and received a "total salary of more than $151,000 in 2018." The Judge also objected because she was unable to hire a "program coordinator" for four months and was budgeted only $24,627 for an assistant when her predecessor's assistant had been paid "approximately $43,000 per year."

Judge Wheale alleged that County officials mistreated her. The County Manager of Polk County "attempted on several occasions to transfer employees" away from the juvenile court and reprimanded the Judge "for using volunteers to screen visitors to her office." The Clerk of Haralson County omitted the Judge from group emails. The District Attorney of the Tallapoosa Circuit threatened, shortly after Judge Wheale's appointment, to "remove the Assistant District Attorney from the Juvenile Court"; the Clerk of the Superior Court "forbade" the Deputy Clerk from assisting the Judge; and a supervisor "failed consistently to file [court appointed special advocate] reports in the Juvenile Court." Several officials, including a Polk County Commissioner and a former court reporter, objected to Judge Wheale's appointment. In addition, "[d]efendants" ignored the Judge's efforts to "create internship positions within the Juvenile Court"; allowed her predecessor to delete "juvenile court employee files, past and pending cases, administrative documents, and . . . key templates of the Juvenile

Court"; and denied her "computers [and] office space at the Haralson County Courthouse."

Judge Wheale filed a five-count complaint against Polk County, Haralson County, and the State. She complained that the three entities violated Title VII by decreasing her salary, refusing to provide adequate funding for staff, excluding her from communications, and failing to provide essential resources because of her sex and by retaliating after she filed a grievance about the discrimination. In addition, the Judge complained that the entities violated her right to equal protection by treating her unequally to her male predecessor. The Judge also complained that the entities violated the Equal Pay Act by paying her less than her male predecessor and by retaliating after she objected to her salary.

The Counties moved for judgment on the pleadings and argued that Judge Wheale's claims under Title VII and the Equal Pay Act failed because they were not her employers as a matter of Georgia law. The Counties also argued that they were not liable for actions of each other's employees that were not based on a governmental policy or custom or for the actions of officials that the Counties did not control.

The State moved for dismissal. The State argued that Judge Wheale's claims under Title VII and the Equal Pay Act failed on three grounds: Judge Wheale had not named the State in the charge she filed with the Equal Opportunity Employment Commission; the Judge was not an employee under Title VII or the Equal Pay Act; and the State was not a joint employer with the Counties. The

State also argued that, because it was "not a person within the meaning of § 1983," the doctrine of sovereign immunity barred the Judge's claim of discrimination in violation of her right to equal protection. In her reply, Judge Wheale "d[id] not contest . . . the dismissal of her Section 1983 claim against the State." After a magistrate judge recommended granting the motions of the three entities, Judge Wheale objected.

The district court granted the motions of the Counties for judgment on the pleadings and of the State for dismissal. The district court ruled that the Judge was not an "employee" covered by Title VII and the Equal Pay Act, see Gregory v. Ashcroft, 501 U.S. 452 (1991). The district court also ruled that the Judge's claim that the Counties had violated her right to equal protection "fail[ed] as a matter of law." The district court determined that the Counties were not the Judge's employer and could not be responsible for her coworkers, that the County lacked control over officials who mistreated the Judge, and that the Judge alleged no facts to establish the Counties had a policy or custom of gender-based discrimination or from which to infer that its budget allocations were discriminatory.

We review de novo the dismissal for failure to state a claim and the judgment on the pleadings. Carson, 39 F.4th at 1337 (judgment on the pleadings); Doe v. Samford Univ., 29 F.4th 675, 685 (11th Cir. 2022) (dismissal). We accept as true the facts alleged in the complaint and view them in the light most favorable to Judge Wheale, as the nonmovant. Carson, 39 F.4th at 1337.

The Judge must qualify as an employee under the relevant statutes to avoid dismissal of her employment-based claims against the Counties and the State. Title VII defines an employee as "an individual employed by an employer, except [for] . . . an appointee on the policy making level . . . ." 42 U.S.C. § 2000e(f). The Equal Pay Act similarly defines employees as "any individual employed by a State, political subdivision of a State, or an interstate governmental agency, other than such an individual . . . who is appointed by [the holder of a public elective office] to serve on a policymaking level." 29 U.S.C. § 203(e)(1), (e)(2)(C)(ii)(III).

The Supreme Court has held that, because judges "are appointees at the policymaking level," they are ordinarily not considered employees. *Gregory*, 501 U.S. at 466–67. In *Gregory*, two state court judges argued that the requirement in the Missouri Constitution that they retire at the age of 70, Mo. Const. art. V, § 26, violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 630(b)(2). 501 U.S. at 455–56. The Governor of Missouri argued that the judges, who were appointed and later ran for re-election, were "appointee[s] on the policymaking level" and excluded from the definition of "employee" like other elected and most high-ranking government officials, *id.* § 630(f). 501 U.S. at 465–67. To avoid altering the usual constitutional balance between the states and the federal government, the Court applied the plain statement rule, *id.* at 464, under which "it [had to] be plain to anyone reading the Act" that "Congress ha[d] made it clear that judges are *included*" as employees, *id.* at 467. A contrary reading, the Court explained, would

intrude on the right of a State as a sovereign to "prescribe the qualifications of their own officers and the manner in which they shall be chosen." *Id.* at 460–62 (quoting *Boyd v. Thayer*, 143 U.S. 135, 161 (1892)). The Court considered judges to be policymakers because they "exercised discretion concerning issues of public importance." *Id.* at 467. Because "[i]t [was] at least ambiguous whether a state judge" qualified as a policymaker and the "statute . . . plainly exclude[d] most important state public officials, [the Court reasoned that the phrase] 'appointee on the policymaking level' [was] sufficiently broad . . . [to remove] appointed state judges" from the protections of the Act. *Id.*

The district court did not err by dismissing Judge Wheale's claims against the Counties and the State based on Title VII and the Equal Pay Act. Like the Age Discrimination Act, Title VII and the Equal Pay Act exclude from coverage an appointee on a policymaking level. 42 U.S.C. § 2000e(f); 29 U.S.C. § 203(e)(2)(C)(ii)(III). Judge Wheale was appointed to the juvenile court by the Chief Judge of the Tallapoosa Superior Court, an elected official, Ga. Code § 15-6-4.1. And like the state judges in *Gregory*, juvenile judges in Georgia formulate policy. *See* 501 U.S. at 467. As the district court stated, juvenile judges exercise discretion when resolving "issues of public importance, including determining whether a child requires the care and custody of the state, ordering and supervising reunification plans, determining custody and guardianship issues, and determining visitation rights." Because Judge Wheale is an appointee

engaged in policymaking, she is not an "employee" and not protected by Title VII or the Equal Pay Act.

Judge Wheale argues she can sue as an "individual" even though she is not an "employee," but she concedes that her argument is foreclosed by our precedents. In *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1243–43 (11th Cir. 1998), and in *Peppers v. Cobb County, Georgia*, 835 F.3d 1289 (11th Cir. 2016), we reaffirmed a holding of our predecessor court that a "workplace discrimination claim can only be brought by an employee against his employer," *id.* at 1297. Because Title VII and the Equal Pay Act address "specific employment relationships," "[w]e . . . assume that Congress meant to limit the pool of potential plaintiffs" "to those individuals who are employees." *Llampallas*, 163 F.3d at 1243. Our reasoning is consistent with that of the Supreme Court, which has explained that Title VII, the Equal Pay Act, and the Age Discrimination Act are "part of a . . . statutory scheme to protect *employees* in the workplace . . . ." *See McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 357 (1995) (emphasis added).

The district court also did not err by dismissing Judge Wheale's claim that the Counties discriminated against her in violation of the Equal Protection Clause. *See* 42 U.S.C. § 1983. As a matter of state law, the Counties were not the Judge's employer and were not liable for actions of her colleagues. *See Peppers*, 835 F.3d at 1301. In Georgia, juvenile courts are one part of a unified state judicial system, Ga. Const. art. VI, § I, ¶¶I, II, the Counties have no power over any "[a]ction affecting any court or the

personnel thereof," *id.* art. IX, § II, ¶I(c)(7), and a judge of the juvenile court is not a "county officer," *id.* art. IX, § I, ¶III. That the Counties control the budget, Ga. Code § 15-11-52(b), and contribute to the Judge's benefits, *id.* §§ 15-11-54, 15-11-63, is insufficient to create an employer-employee relationship. *See Peppers*, 835 F.3d at 1297. The Counties also had no authority over and were not responsible for discriminatory acts by individuals in "any elective county office," such as the district attorney, or by "any court . . . personnel," like the supervisor who prepared special advocate reports. Ga. Const. art. IX, § 2, ¶ I(c)(1), (c)(7). The Judge alleged no facts from which to infer the Counties had a custom or "longstanding and widespread practice" of discriminating against female judges. *See Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991). Nor did she allege any facts from which to infer any discriminatory intent on the part of the Counties. Judge Wheale's predecessor and his assistant received higher salaries due to their longer tenure that led to multiple raises. And under state law, "[t]he salary, tenure, compensation, and all other conditions of employment of such employees shall be fixed by the judge [of the juvenile court], with the approval of the governing authority of the county." Ga. Code § 15-11-63(b).

We **AFFIRM** the partial dismissal of and partial judgment on the pleadings against Judge Wheale's amended complaint.